AUG - 3 2010

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONNY LEE FAIN, | ) |
| Petitioner, | ) 3:09-cv-00169-RCJ-RAM |
| vs. | ) ORDER |
| JACK PALMER, et al, | ) |
| Respondents. | ) |

Petitioner is proceeding *pro se* in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 3, 2010, petitioner filed a motion entitled "Motion for Leave to Further Plead and Make a More Definite Statement in Support of Motion to Expand the Record and Amend Petition of Habeas Corpus." (Docket #33.) The court finds that this is actually a motion to amend the petition. Respondents appeared in this action before petitioner filed his motion, and the court finds that petitioner could have presented the arguments made in his proposed amendment in his original petition. Accordingly, petitioner's motion to amend will be denied.

On February 22, 2010, petitioner filed a motion entitled, "Motion for Intervention Appointment of Counsel or in the Alternative Specified Relief Regarding the Legal Resources Available at H.D.S.P." (Docket #34.) To the extent that petitioner's motion seeks appointment of counsel, it will be denied for the reasons previously stated in the court's order of February 2, 2010. (Docket #31.)

To the extent that petitioner seeks injunctive relief regarding the legal resources available at High Desert State Prison, he is informed that a prisoner alleging a violation of his right of access to the courts

must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id.* at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." *Id.* (quoting and disclaiming language contained in *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus). In the present case, the court finds that petitioner has been able to file a petition for writ of habeas corpus in this court and state his grounds for relief. His right of access to the courts extends no further. Accordingly, the motion of February 22, 2010, will also be denied to the extent that it seeks injunctive relief.

## PROCEDURAL HISTORY

On June 3, 1980, in the Eighth Judicial District Court, petitioner was convicted pursuant to a guilty plea of second degree murder. Index, Exhibit 1.[1] On June 2, 1980, petitioner filed a *pro per* notice of appeal. Index, Exhibit 2.

On January 1, 1990, petitioner filed a petition for writ of habeas corpus (post-conviction) in the state court. Index, Exhibit 5. On February 2, 1990, petitioner filed a motion to withdraw his guilty plea. Index, Exhibit 4. The court denied the motion and the petition on March 22, 1990. Exhibit Index, 6. Petitioner filed a notice of appeal as to both on March 27, 1990. Index, Exhibit 7. The Nevada Supreme Court dismissed the appeal on December 7, 1990. Index, Exhibit 9. Subsequently, petitioner filed a petition for writ of habeas corpus directly in the Nevada Supreme Court. The court

---

[1] The index is found at docket #16. The supplemental index is found at docket #25.

denied the petition on the ground that under the Nevada Rules of Appellate Procedure, such a petition must ordinarily be presented to the district court in the first instance. Index, Exhibit 10.

On July 15, 1993, petitioner filed a second petition for post-conviction relief (post-conviction) in state district court. Index, Exhibit 11. Counsel was appointed and supplemental points and authorities were filed on August 9, 1994. Index, Exhibit 12. The district court denied the second petition on June 6, 1995. Index, Exhibit 15. Petitioner filed a notice of appeal, but voluntarily dismissed the appeal. Supplemental Index, Exhibit 3.

In June 2007, petitioner filed two *pro se* motions to correct illegal sentence. Index, Exhibits 17, 18. Both motions were denied by the district court. Index, Exhibit 20. Petitioner appealed and on December 10, 2007, the Nevada Supreme Court affirmed the denials. Index, Exhibit 24. On December 17, 2007, petitioner filed a motion for rehearing in the Nevada Supreme Court, which was denied. Index, Exhibits 25, 26. However, the Nevada Supreme Court realized at that time that petitioner had filed a direct appeal in 1980, but the notice of appeal was never transmitted to the court. Index, Exhibit 26. The Nevada Supreme Court ordered the clerk of the district court to immediately transmit the notice of appeal along with all required documents to the court. *Id*. After briefing by the parties, the Nevada Supreme Court entered its order on March 4, 2009, affirming petitioner's conviction. Index, Exhibit 28. On May 29, 2009, petitioner filed a motion for rehearing, which the Nevada Supreme Court denied. Index, Exhibit 30. The body of the order provided as follows:

> Appellant has submitted a proper person petition for rehearing. Although appellant has not sought or been granted permission to file documents in proper person, see NRAP 46(b), and has no right to represent himself in this direct appeal, Blandino v. State, 112 Nev. 352, 356, 914 P.2d 624, 627 (1996), we direct the clerk of this court to file the proper person petition received on April 1, 2009. Having considered the petition, we conclude that rehearing is not warranted. NRAP 40(c). [Footnote 1.]
> It is so ORDERED. [Footnote 2.]
>
> Footnote 1: To the extent that the petition for rehearing raises issues for the first time, we have not considered the merits of those issues consistent with NRAP 40(c)(1).
>
> Footnote 2: We further deny appellant's counsel's motion to withdraw as counsel of record.

*Id.*

This court received petitioner's federal petition for writ of habeas corpus on April 2, 2009. On January 21, 2010, respondents filed the motion to dismiss now pending before the court. (Docket #24.) Petitioner has filed an opposition to the motion. (Docket #28.)

## DISCUSSION

Respondents move to dismiss the petition on the ground that it is a mixed petition containing unexhausted claims. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (1991); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989); *Hillery v. Pulley*, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

Respondents contend that this court must dismiss the petition because claims five, six, eight, and nine have not been exhausted. Petitioner disputes this contention.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314 F.3d 371,

4

371 (9th Cir. 2002), *citing Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. at 365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998). A petitioner can accomplish this by explicitly citing federal law or the decisions of the federal courts. *Sandgathe*, 314 F.3d at 376. "General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *see, Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident.") The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. *Rose*, 455 U.S. at 521-22, 102 S.Ct. at 1205; *Calderon v. United States Dist. Court (Gordon)*, 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir.1988).

Respondents contend that grounds five, six, eight and nine are unexhausted. In ground five, petitioner raises a claim of ineffective assistance of appellate counsel on direct appeal. In ground six, petitioner claims that his rights were violated because Nevada law requires counsel to be appointed on direct appeal. In ground eight, petitioner claims that his rights were violated because appointed counsel refused to argue on appeal that the Nevada Supreme Court lacked jurisdiction to hear the appeal 28 years after the *pro per* notice of appeal was filed. Finally, in ground nine, petitioner argues that the Nevada Supreme Court lacked jurisdiction to hear his appeal 28 years after his notice of appeal was filed. Petitioner claims that each of these grounds for relief was exhausted because he presented them to the Nevada Supreme Court in his motion for rehearing.

To exhaust the claims raised in a habeas corpus petition, a petitioner must raise the claims on every level of direct review or postconviction process. *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir.

1992). A claim raised for the first time on discretionary review to the state's highest court and denied without comment is not exhausted. *Casey v. Moore*, 386 F.3d 896, 917 (9th Cir. 2004) (citing *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989)). In this case, petitioner presented his claims set forth in grounds five, six, eight, and nine to the Nevada Supreme Court only through an unauthorized *pro se* petition for rehearing. Rehearing by the Nevada Supreme Court is discretionary and under the court's own rules, may not be used to exhaust state remedies. Rule 40(a)(3), Nevada Rules of Appellate Procedure. Accordingly, the court finds that grounds five, six, eight, and nine are unexhausted.

On March 5, 2010, petitioner filed a motion to amend his petition. (Docket #38.) In this motion, petitioner states that he wishes to withdraw any claims this court finds to be unexhausted without presenting them to the state court, and proceed only on his exhausted claims. *Id*. Petitioner having made a clear and unambiguous statement of how he wishes to proceed in this case, the motion to amend will be granted.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Further Plead and Make a More Definite Statement in Support of Motion to Expand the Record and Amend Petition of Habeas Corpus is **DENIED**. (Docket #33.)

**IT IS FURTHER ORDERED** that petitioner's Motion for Intervention Appointment of Counsel or in the Alternative Specified Relief Regarding the Legal Resources Available at H.D.S.P is **DENIED**. (Docket #34.)

**IT IS FURTHER ORDERED** that respondents' motion to dismiss is **GRANTED IN PART**. (Docket #24.) Grounds five, six, eight, and nine are **DISMISSED** as unexhausted.

**IT IS FURTHER ORDERED** that petitioner's motion to amend his petition to include only exhausted claims is **GRANTED**. (Docket #38.) This case shall go forward on grounds one, two, three, four, and seven only.

///

///

///

**IT IS FURTHER ORDERED** that respondents shall file an answer within thirty (30) days. Petitioner shall have thirty (30) days thereafter to file a reply.

DATED this 3RD day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE